Bland, Chancellor.
This bill has been submitted as usual ex parte, without argument or remark. On turning to the act of Assembly by which these defendants have been incorporated, it appears that they have been made capable of suing and being sued only by the name of cThe Proprietors of the Susquehanna CanaV And it is declared that the said corporation or a majority of them shall elect out of their own members a governor and three directors, a treasurer and secretary for the year, (a) Hence, although it is most fair to presume, that the plaintiff intended to have made this body politic a defendant by its proper *65 name; yet, it is evident, that strictly speaking he has not done so; because no process has been prayed against it, by that name alone by which it is made capable of being sued; and because it also appears, that instead of asking to have the writ of injunction directed to The Proprietors of the Susquehanna Canal, it is only prayed for against some of their agents, that is, their governor and directors, without having the corporation itself sued or called upon to answer, or restrained in any way whatever. This, however, is an objection of which this body politic may have no wish to take advantage; but considering it as an unimportant misnomer they may come in, waive it, answer by their true name, and take defence upon the merits, I shall therefore pass over this objection for the present, and leave it to be relied upon or waived by the defendants as they may think proper. (b)
From what has been set forth in the bill and its exhibits it appears, that this body politic, under their act of incorporation had acquired a fee simple estate in a certain parcel of land in Cecil county, lying along the left margin of the river Susquehanna; over which, by virtue of the same authority, they have formed a navigable canal, (c) As to which it is expressly declared, ‘that the said Canal, when completed, shall be kept in good repair by the said corporation for the use of the public.’ (d) These defendants, it appears then, are the owners in fee simple of a parcel of land; which land, so far as it is dedicated to the use of the public, has been subjected to the servitude of a highway; the tolls, for the privilege of passing along which, alone belong to the corporation; and consequently, this Canal, with its appurtenances and necessary towing paths, must be considered and treated in like manner as all other highways. Because all navigable rivers and great roads or canals, common to all passengers, and which are to be kept in repair for the use of the public, are in law deemed highways. And the acts of Assembly, by authority of which they are laid out, formed, and kept in repair, are public laws of which the court is bound to take notice. (e)
I have met with no instance, in the English books, and but one case among the records of this court, in which a defendant has been apparently ordered, by an injunction of this kind, to do, or *66 to undo any thing, (f) The Court of Chancery by this writ merely prohibits certain acts, or any further acts from being done. And where acts have been done in violation of an injunction, it will order them to be undone or the matter restored; but I am not aware of any instance where it has, by an original writ of this kind, caused a nuisance to be abated or removed. (g)
Whereupon it is Ordered, that an injunction issue prohibiting the said company from erecting any new or other obstruction in the said towing path or highway in the bill mentioned; or in any manner to prevent him, the plaintiff, from using the same. And the said defendants may at any time, after the filing of their answer, move to dissolve the said-injunction on giving ten days notice thereof to the said plaintiff. And the register is directed to endorse a copy of this order on the said writ of injunction.
On the 16th of July, 1829, the defendants put in their answer, which is certified as the answrer of ‘ The Proprietors of the Susquehanna Canal,’ under the seal of that body politic; in which they admit the deed from them to Wilson, as stated in the bill; but put the plaintiff to the proof of his title in other respects; and they admit that a frame house was erected on the place mentioned; but aver, that ample space between it and the Canal has been left for a towing path, &c. And deny, that the plaintiff, or any other person had a right to use the said towing path as a wagon or cart way to the said mill, &c.
On the 22d of August, 1829, the plaintiff, with leave, filed an amended bill, upon which an injunction was granted upon the same terms as on the original bill. After which the defendants answered as before.
The plaintiff, by his petition filed on the 11th of October, 1830, so far as it is sustained by the affidavits exhibited with it, complains that the defendants and two of their agents had committed a breach of the injunction, by cutting away the bank or towing path of the Canal in two places, so as to prevent the use of it; and were about to erect locks of stone walls and wood in the places where the banks were removed. Upon which an attachment was prayed and granted.
The respondents against whom the attachments were awarded, by their answer, admit the fact of their having made two cuts *67 across the towing path of the Canal, but deny that the use of it has ever been at all obstructed even while they were making those cuts; and state, that they have erected locks and built good bridges over them, which are safely and readily passable for men and horses, though not for carriages, which could not before pass along that portion of the towing path, across which the cuts have been made; they state that those cuts by giving access from the Canal into a large pond, to vessels and rafts, afforded them additional facilities and security in navigating the Canal; and thus materially improved the utility of that highway; and therefore they aver, that they were well justified in doing what they have done.

20th November, 1830.

Bland, Chancellor.
The matter of the attachment for a breach of the injunction standing ready for hearing, and the solicitors of the parties having been fully heard, the proceedings were read and considered.
The only question is, whether the defendants have, by these their admitted acts, deprived the plaintiff, in any degree, of that usufruct which it was the purpose of the injunction to preserve to him. A right of way, whether public or private, is essentially different from a fee simple right to the land itself over which the way passes. A right of wav is nothing more than a special and limited right of use; and every other right or benefit derivable from the land, not essentially injurious to, or incompatible with the peculiar use called the right of way, belongs as absolutely and entirely to the holder of the fee simple as if no such right of way existed. He is, in fact, for every purpose considered as the absolute owner of the land, subject only to an easement or servitude; he may recover the land so charged by ejectment; he may bring an action of trespass against any one who does any injury to it, not properly incident to an exercise of the right of way; he has a right to the trees growing upon it; to all minerals under its surface; he may carry water in pipes under it; and the freehold with all its profits, not inconsistent with the right of way, belong to him. (h)
Here the plaintiff himself has shewn, that these defendants are the owners of the freehold and its profits subject to the servitude of this Canal or highway; and also, that they are entitled to the profits of that Canal or highway so passing through their land; and over which land, as he avers, they have granted a right of way to him. But the right of way as claimed by the plaintiff is *68 that of a public road or wagon way along the western margin of the Canal to his mill; whereas, the right of way over that ground, as admitted and contended for by the defendants, is confined to that of a towing path for the more beneficial or proper use of the Canal, and nothing more.
How far these several rights may be deemed reconcilable or incompatible with each other, it will be time enough to determine at the final hearing. (i) But in this stage of the proceedings, and with reference to these attachments, I deem it sufficient to observe, that where there are, as in this instance, several distinct, but intimately associated rights, such as a right of soil, alleged to be subject to two several kinds of right of way, which, from the nature of things, must, in some modes of exercising them, be brought into apparent collision with each other; (j) and an injunction has been granted for the preservation of one of them, the court will not consider any act to be a violation of such injunction, that is a fair exercise of another of the associated rights, and which leaves the right, under the protection of the injunction, as large a scope, and as free a range as it might have had when the injunction was served and before the act complained of was done. The validity and extent of the right, which, by the injunction, has been temporarily taken under the special care of the court; and of the other rights with which it stands connected, are matters which can only be determined with propriety at the final hearing; until then, or so long as the injunction is continued, they must be kept, as far as practicable, within their respective modes and lines of use, so as not to be allowed, in any manner to thwart, overlay, or obstruct that claimed by the plaintiff.
In this case it could not be said, that the cuttings complained of were not legitimate exercises of the rights of this body politic as holders of the fee simple estate in the land, and as owners of the profits of this highway or canal which they are bound to repair and keep in a proper state for navigation; unless it were shewn, that the plaintiff’s right of way, in that condition in which it was found by the injunction, had been thereby in some form or other diminished or substantially impaired. And that, I am of opinion, has neither been admitted by the answers to the petition, on which the attachments were awarded, nor shewn by the .affidavits which have been introduced and read by consent.
*69 Whereupon it is Ordered, that the said defendants, The Proprietors of the Susquehanna Canal, and their agents, the said John W. Thomas and James Galloway, he, and they are hereby discharged from the said attachments with their costs to be taxed by the register.

 November, 1788, ch. 23, s. 2 and 3.

 Binney’s Case, 2 Bland, 106.

 November, 1783, ch. 23, s. 6.

 November, 1783, ch. 23, s. 4.

 Com. Dig. tit. Chimin, (A. 1.) 1 Stark. Evid. 163, 400; Agnew v. The Bank of Gettysburg, 2 H. & G, 179.

 Norwood v. Norwood, 2 Bland, 471, note.

 Murdock’s Case, 2 Bland, 470.

 Com. Big. tit. Chimin, (A. 1.)

 Chichester v. Lethbridge, Willis' Rep. 72.

J) Ball v. Herbert, 3 T. R. 253.